■ In the Matter of ROBERT P. MOSHER, Appellant, v CITY OF ALBANY, Respondent.—Kane, J. Appeal from a judgment of the Supreme Court at Special Term (Bradley, J.), entered

April 9, 1986 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

In this proceeding, petitioner, a former member of respondent's fire department, seeks benefits pursuant to General Municipal Law § 207-a (2).

After a hearing, by determination dated March 9, 1984, a Hearing Officer concluded that petitioner's physical disabilities were not attributable to his employment. Accordingly, petitioner's request for benefits under General Municipal Law § 207-a were denied. By order to show cause signed on May 18, 1984, petitioner commenced a CPLR article 78 proceeding (proceeding No. 1) seeking to review the determination denying his application for benefits pursuant to General Municipal Law § 207-a. By order entered October 11, 1984, Special Term directed respondent to submit an answer and transferred the proceeding to this court. Respondent answered but no further proceedings have occurred in proceeding No. 1.

On or about January 16, 1985, the State Comptroller determined that petitioner's disability was proximately caused by an accident sustained by petitioner in service as a firefighter. As a result, the Comptroller granted petitioner's application for accidental disability retirement benefits under Retirement and Social Security Law § 363. Such benefits amounted to approximately 75% of the salary petitioner was making as a paid firefighter. Petitioner subsequently commenced the instant CPLR article 78 proceeding (proceeding No. 2) on October 25, 1985 seeking an order requiring respondent to award petitioner benefits pursuant to General Municipal Law § 207-a. Special Term dismissed proceeding No. 2, finding that in order to set aside the March 9, 1984 determination of respondent, which petitioner seeks to do in proceeding No. 2, petitioner must perfect proceeding No. 1. This appeal ensued.

We affirm. Petitioner is seeking in this proceeding the same relief he sought in proceeding No. 1, i.e., annulment of respondent's March 9, 1984 determination. As Special Term noted, petitioner's remedy is to attempt to perfect proceeding No. 1 *(but see,* 22 NYCRR 800.12). In this regard, we note that proceeding No. 2 is barred by the Statute of Limitations. Special Term's judgment should thus be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.